White, Cirrito, Nally & Lynch, LLP
64 Hilton Avenue
Hempstead, New York 11550
(516) 292-1818
(516) 489-1940 Fax
Christopher M. Lynch, Esq.

Counsel for Sariyu Dademade a/k/a Sarah Dademade

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In Re:                                                                          Case No.: 1-22-42567-nhl

        MICHAEL LEVITIS,                                   CHAPTER 7

                                    Debtor.
_____
SARIYU DADEMADE a/k/a SARAH
DADEMADE,

                                Plaintiff,                       Adv. Proc. No.

       -against-

MICHAEL LEVITIS,

                                Defendant.
-------------------------------------------------------------X

### COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT TO PLAINTIFF

      Plaintiff, SARIYU DADEMADE a/k/a SARAH DADEMADE (the "Plaintiff"), a natural individual, by her attorneys, White, Cirrito, Nally & Lynch, LLP, for her Complaint against defendant, MICHAEL LEVITIS (the "Debtor"), objecting to the discharge of the Debtor from his debts to Plaintiff, respectfully alleges as follows:

## THE PARTIES

1. The Plaintiff SARIYU DADEMADE a/k/a SARAH DADEMADE is a natural individual who resides in Nassau County, New York.

2. Upon information and belief, the Defendant MICHAEL LEVITIS ("Levitis", "Debtor", or "Defendant") is a natural individual who resides in Kings County, New York.

## JURISDICTION AND VENUE

3. On October 14, 2022, the Defendant filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.A. § 157 and § 1334.

5. Pursuant to 28 U.S.C.A. §§ 1408 and 1409, this district is the proper venue for this adversary proceeding.

6. This is an action pursuant to Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure for a determination that the debts owed by Defendant to Plaintiff are not dischargeable under §§523(a)(2)(A), (a)(4), and (a)(6) of the Bankruptcy Code. As such this matter is a core proceeding under 28 U.S.C.A. §157(b)(2)(A), (I), (J), and (O).

7. Venue is proper before this Court pursuant to 28 U.S.C.A. §§ 1408 and 1409.

## GENERAL ALLEGATIONS

8. In or about 2011, the Plaintiff's mortgage payments unexpectedly increased and the Plaintiff began suffering financial difficulties.

9. In or about November, 2011, Plaintiff received at her home a mailing from Mission Settlement Agency which accurately indicated the amount of debt Plaintiff had on her

credit cards and offered to assist Plaintiff in reducing her credit card debts at a fraction of their full value.

10.     Plaintiff called Mission in December, 2011, and when Plaintiff indicated she was unable to go to Mission's former office in Manhattan, Mission volunteered to send a representative to meet Plaintiff.

11.     Plaintiff met with a Mission 'Enrollment Counselor' who referred to himself as Zack Shir, a/k/a Zakhir Shirinov, on or about December 16, 2011.

12.     During the December 16, 2011 meeting, Plaintiff signed a Client Service Agreement whereby Plaintiff agreed to make 48 monthly payments of $654.00 (a total of $31,392.00) to pay off her credit card debts totaling $58,080.00.

13.     Plaintiff further signed a Limited Power of Attorney, a blank form titled 'Financial Hardship Letter', and other documents.

14.     Mr. Shir explained to Plaintiff that the blank 'Financial Hardship Letter' would be completed by Mission at a later time.

15.     Plaintiff also signed an authorization allowing for automatic deductions from Plaintiff's bank account to cover the monthly payments of $654.00.

16.     In January, 2012, the monthly withdrawal of $654.00 from Plaintiff's account began.

17.     In March, 2012, Plaintiff called Mission because a creditor kept contacting Plaintiff, and Zack Shir told Plaintiff to give the creditor Mission's special phone number for the manager, Defendant MICHAEL LEVITIS, so that Mission could take care of it.

18.     In June, 2012, the same creditor called Plaintiff again and informed her that it had not received any payment from Plaintiff in months.

19. Plaintiff informed the creditor that she had signed up with Mission and that Mission would be taking care of it, but the creditor told Plaintiff that it had not received any payment from Mission.

20. Plaintiff then called Mission but neither Zack Shir nor MICHAEL LEVITIS were available and Plaintiff was told her call would be returned.

21. Plaintiff did not hear back from Mission and in September, 2012, Plaintiff received papers indicating that the aforementioned creditor had sued her.

22. Plaintiff called Mission and was told that neither MICHAEL LEVITIS nor Zack Shir were available, but that Mission would wait until Plaintiff was taken to Court by her creditor and at that point Mission would work out a settlement.

23. In or about October and November, 2012, Plaintiff was calling Mission nearly every day and was always being told that neither MICHAEL LEVITIS nor Zack Shir were available.

24. Finally in November, 2012, somebody else from Mission spoke to Plaintiff and told her that everything was under control because Mission had met with the aforementioned creditor.

25. In December, 2012 Plaintiff received a call from a collection agency on behalf of the aforementioned creditor, and Plaintiff was informed that Mission had done nothing.

26. Thereafter every phone call Plaintiff made to Mission went unanswered and the phone would simply continue to ring.

27. In May, 2013 the Plaintiff received a letter from Mission purportedly claiming that Mission had tried to reach Plaintiff on numerous occasions and asking Plaintiff to contact Mission at its new address and phone number.

28. Plaintiff telephoned Mission and was told that Mission would take care of everything for Plaintiff but Mission never did anything for Plaintiff.

29. Plaintiff would later learn that MICHAEL LEVITIS, Mission, and Zack Shir were indicted in the United States District Court, Southern District of New York, for conspiracy to commit mail and wire fraud based upon the fraudulent debt settlement scheme of which Plaintiff was a victim.

30. The criminal proceeding against Defendant LEVITIS in the Southern District of New York was under case number 1:13-cr-00327-PGG.

31. Defendant LEVITIS pleaded guilty to a count of 'conspiracy to commit mail fraud and wire fraud' and a count of 'conspiracy to commit wire fraud' and judgment was imposed against LEVITIS on November 19, 2014.

32. Thereafter on November 10, 2017 Plaintiff commenced a civil action against LEVITIS, along with Mission and Zack Shir, in the Supreme Court of the State of New York, Nassau County, under index number 612191/2017 ("Civil Action").

33. Plaintiff asserted, among others, a cause of action against Defendant LEVITIS for fraud in the Civil Action.

34. Though duly served, Defendant LEVITIS defaulted in the Civil Action and the Court therein held an inquest on damages.

35. After inquest, Plaintiff was awarded a judgment, jointly and severally as against all Defendants in the Civil Action, in the sum of $66,585.00 which consisted of $7,848.00 in compensatory damages for money Plaintiff had actually tendered to Defendant, the sum of $58,080.00 in punitive damages, and $657.00 in costs. A copy of the Judgment entered therein is annexed hereto as Exhibit '1'.

36. The Judgment was entered in the Office of the Nassau County Clerk on October 24, 2019, and interest at the New York statutory rate of 9% has been accruing on the Judgment since its entry.

37. Plaintiff has not received any payment toward the Judgment from Defendant LEVITIS nor any of the other jointly and severally liable defendants in the Civil Action.

## FIRST COUNT

(for a determination that the debt to Plaintiff is
non-dischargeable pursuant to §523(a)(2)(A) of the Bankruptcy Code)

38. Plaintiff repeats and reiterates each of the allegations contained in the Complaint paragraphs "1" through "37" as if more fully set forth at length herein.

39. Defendant MICHAEL LEVITIS operated and controlled Mission Settlement Agency.

40. Defendant LEVITIS was responsible for managing Mission's day-to-day operations, finances, hiring and termination of employees, and advertising and solicitation of customers.

41. Defendant LEVITIS, through Mission, represented to Plaintiff that he could negotiate down the Plaintiff's debts and pay them off.

42. That Plaintiff justifiably relied on Defendant's representations and made payments to Defendant LEVITIS which were meant to be put towards the reduction of Plaintiff's debts.

43. That the Defendants did not use Plaintiff's payments toward Plaintiff's debts.

44. The representations to Plaintiff by Defendant were false.

45. Plaintiff suffered damages as a result of the misrepresentations made to Plaintiff by Defendant.

46. That Defendant LEVITIS was aware of, oversaw, and personally participated in the fraud perpetrated upon Plaintiff.

47. That Plaintiff was granted judgment against Defendant LEVITIS based upon the fraud he perpetrated on her.

48. The debt owed to Plaintiff by Defendant LEVITIS, the judgment in the principal amount of $66,585.00 with interest at 9% per annum from October 24, 2019, is nondischargeable because the Plaintiff obtained said judgment based upon her Civil Action against Defendant based on Defendant's false pretenses, false representation, and actual fraud.

## SECOND COUNT

(for a determination that the debt to Plaintiff is
non-dischargeable pursuant to §523(a)(4) of the Bankruptcy Code)

49. Plaintiff repeats and reiterates each of the allegations contained in the Complaint paragraphs "1" through "48" as if more fully set forth at length herein.

50. Defendant, by virtue of his position as a trusted specialist who promised to represent the Plaintiff in dealing with creditors to reduce Plaintiff's debts, was acting in a fiduciary capacity with respect to Plaintiff.

51. While serving as a fiduciary for Plaintiff, Defendant committed fraud, defalcation, embezzlement, and larceny with respect to Plaintiff's property, including the Plaintiff's funds that were tendered to Defendant to pay down Plaintiff's debts.

52. Because Defendant's actions constitute fraud or defalcation while acting in a fiduciary capacity, embezzlement, and larceny, the debt owed to Plaintiff by Defendant LEVITIS, the judgment in the principal amount of $66,585.00 with interest at 9% per annum from October 24, 2019, is nondischargeable.

## THIRD COUNT

(for a determination that the debt to Plaintiff
is non-dischargeable pursuant to §523(a)(6) of the Bankruptcy Code)

53. Plaintiff repeats and reiterates each of the allegations contained in the Complaint paragraphs "1" through "52" as if more fully set forth at length herein.

54. By defrauding Plaintiff out of her funds when Defendant knew that the Plaintiff was in a weakened financial state suffering from multiple debts and embezzling, converting, and stealing Plaintiff's funds without any authorization or consent by Plaintiff, Defendant willfully and maliciously caused damage and injury to the Plaintiff and property of Plaintiff.

55. Defendant's conduct was so willful and malicious that Defendant was criminally prosecuted for said conduct.

56. Accordingly, the debt owed to Plaintiff by Defendant LEVITIS, the judgment in the principal amount of $66,585.00 with interest at 9% per annum from October 24, 2019, is nondischargeable as Defendant LEVITIS'S actions constitute willful and malicious injury to the Plaintiff and the property of the Plaintiff.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands relief as follows:

(a) An order determining that the debt owed by Defendant LEVITIS to Plaintiff DADEMAD is not dischargeable pursuant to §523(a)(2)(A) and/or (a)(4) and/or (a)(6) of the Bankruptcy Code;

(b) An order awarding Plaintiff the costs and expenses, including reasonable attorney's fees and the costs of suit; and

(c) An order awarding Plaintiff such other and further relief as may be just and proper.

Dated: Hempstead, New York
       January 9, 2023

                          WHITE, CIRRITO, NALLY & LYNCH, LLP

                          /s/Christopher M. Lynch
                          Christopher M. Lynch
                          (CL9047)
                          64 Hilton Avenue
                          Hempstead, New York 11550
                          (516) 292-1818
                          Fax: (516) 489-1940
                          clynch@whiteandcirrito.com

                          Counsel for Plaintiff SARIYU DADEMADE a/k/a SARAH DADEMADE